SUE WALKER, Justice,
concurring on appellant’s motion for rehearing and motion for en banc reconsideration.
I concur in the result reached by the majority. I write separately to clarify what I understand to be the holding of In re D.W., 249 S.W.3d 625 (Tex.App.-Fort Worth), pet. denied, 260 S.W.3d 462 (Tex. 2008).[1]
In D.W., an en banc majority of this court held:
Section 263.405® [2] interferes with our power to exercise discretion in determining whether to consider issues not listed in a statement of points, even in absence of prejudice to the Department. The statute bars our consideration of all issues not listed even when they were properly preserved for review under the rules of procedure. In effect, the legislature decides for us that complaints not listed in a timely statement of points are waived. In so doing, section 263.405® infringes upon our ability to exercise a “core power” reserved for the judicial branch by telling us not only how we must rule on issues brought before us but that we cannot consider those issues at all. We hold that section 263.405® is, therefore, void as a violation of the separation of powers provision of the Texas constitution....
Because section 263.405® is void, we are not barred by that statute from consid *612 ering points that were not listed in a statement of points so long as they were properly preserved for appellate review.
Id. at 645. Though our holding was not worded as precisely as it could have been, my understanding was that we declared section 263.405(i), as applied to Betty, the mother involved in the appeal, or to other similarly situated parents, violative of the separation of powers provision of the Texas constitution. We used the word “void” but nonetheless limited our holding that the provision was void to situations, like Betty’s, in which points (or issues) sought to be raised on appeal had been properly preserved for appellate review in the trial court. See id. Consequently, despite our use of the word void, we declared section 263.405(i) void, only as applied to Betty, because she had properly preserved in the trial court the issues she sought to raise on appeal.
In challenging the constitutionality of a statute, a party may show that the statute is unconstitutional on its face or as applied. Tex. Workers’ Comp. Comm’n v. Garcia, 893 S.W.2d 504, 518 n. 16 (Tex.1995); see also City of Corpus Christi v. Pub. Util. Comm’n of Tex., 51 S.W.3d 231, 240-41 (Tex.2001) (Owen, J., concurring). Facial challenges to the constitutionality of a statute are disfavored and generally permitted only in the context of the First Amendment. Nat’l Endowment for the Arts v. Finley, 524 U.S. 569, 580, 118 S.Ct. 2168, 2175, 141 L.Ed.2d 500 (1998); Combs v. STP Nuclear Operating 6Co., 239 S.W.3d 264, 272 n. 8 (Tex.App.-Austin 2007, pet. denied). To sustain a facial challenge, the challenging party bears the heavy burden of demonstrating that the statute is unconstitutional in all of its applications. In re Commitment of Fisher, 164 S.W.3d 637, 655 (Tex.), cert. denied, 546 U.S. 938, 126 S.Ct. 428, 163 L.Ed.2d 326 (2005). A statutory provision is not facially unconstitutional unless no set of circumstances exists under which the statute may be constitutionally applied. HCA Healthcare Corp. v. Tex. Dep’t of Ins., 303 S.W.3d 345, 349 (Tex.App.-Austin 2009, no pet.). To sustain an as-applied challenge, the party must show that the statute is unconstitutional when applied to that particular person or set of facts. Garcia, 893 S.W.2d at 518. As-applied challenges are fact specific and must be brought on a case-by-case basis. Combs, 239 S.W.3d at 272 n. 8.
Implicit in our D.W. holding — that section 263.405(i) is void as violating the separation of powers provision of the Texas constitution when it operates to bar this court from considering points presented on appeal that were properly preserved in the trial court — is the holding that section 263.405(0 does not operate unconstitutionally when it bars this court from considering' points that were not properly preserved in the trial court. Nor would section 263.405(0 operate unconstitutionally if an attorney was able to list in a timely filed statement of points all issues that he desired to raise on appeal. Consequently, in D.W. we did not hold that Betty had met the heavy burden of demonstrating that section 263.405(0 was unconstitutional in all of its applications, as required to establish that a statute is facially unconstitutional. See generally 249 S.W.3d at 645.
Because D.W. simply declared section 263.405(0 void and unconstitutional as applied to Betty and as applied to the particular set of facts that exist when the section operates to preclude us from reviewing appellate issues raising preserved error, not facially unconstitutional, I believe the majority opinion and the dissenting and concurring opinion create and address a stare decisis issue when none exists in fact. As cited above, the supreme court did not overrule D.W.; the supreme court denied *613 petition for review in D.W., leaving intact this court’s en banc determination that section 263.405© was unconstitutional as applied to Betty and, ultimately, as applied to other parents similarly situated to Betty who raise an as-applied challenge. Because an as-applied challenge must be made by each appellant claiming that section 263.405® operates unconstitutionally or is void as applied to them, when an appellant did not make an as-applied constitutional challenge to section 263.405©, we followed the dictatés of that provision and refused to consider an appellate issue not set forth in the statement of points. See, e.g., In re G.G.C., No. 02-10-00354-CV, 2011 WL 1600840, at *3 (Tex.App.Fort Worth April 28, 2011, pet. denied) (mem. op.) (refusing to consider legal and factual sufficiency of evidence issues not set forth in statement of points); In re H.S.B., No. 02-10-00324-CV, 2011 WL 1434948, at *1 (Tex.App.-Fort Worth Apr. 14, 2011, no pet.) (mem. op.) (refusing to consider complaint that Department violated family code by not placing children with couple that mother suggested when that complaint not set forth in statement of points); In re O.E.W.-E, No. 02-10-00199-CV, 2011 WL 1225470, at *24 n. 35 (Tex.App.-Fort Worth Mar. 31, 2011, no pet.) (mem. op.) (refusing to consider issues regarding admission of evidence that were not set forth in statement of points); In re K.B., No. 02-09-00441-CV, 2010 WL 4028107, at *15 (Tex.App.-Fort Worth Oct. 14, 2010, no pet.) (mem. op.) (refusing to consider constitutional challenge to section of family code not set forth in statement of points); accord In re M.E.-M.N., 342 S.W.3d 254, 260 (Tex.App.-Fort Worth 2011, pet. denied) (granting motion for supplemental briefing and ordering that points in appellate brief be treated as statement of points for appeal when appointed trial counsel allowed to withdraw and appellate counsel not appointed within time to file statement of points); In re E.H., No. 02-09-00134-CV, 2010 WL 520774, at *2 n. 3 (Tex.App.-Fort Worth Feb. 11, 2010, no pet.) (mem. op.) (addressing sufficiency complaints not raised in statement of points based on supreme court’s holding in In re J.O.A., 283 S.W.3d 336, 339 (Tex.2009)). When appellants have made an as-applied constitutional challenge to section 263.405©, we have addressed the merits of their issues, even when those issues were not presented in a timely filed statement of points. See In re J.T.V.H., No. 02-10-00416-CV, 2011 WL 4916388, at *20 & n. 17 (Tex.App.-Fort Worth Oct. 13, 2011, no pet.) (mem. op.) (addressing issue not set forth in statement of points when parent contended on appeal that statute requiring statement of points was void). Thus, especially in light of the fact that the legislature has repealed former section 263.405®,[3] so that our holding in D.W. — whether a declaration of facial or as-applied unconstitutionality — has been statutorily abrogated, I do not believe this case is deserving of en banc submission.
Because in the present case, Father raised in his appeal and in his statement of points an issue arguing that section 263.405© violates the separation of powers provision of the Texas constitution, I would hold that Father made an as-applied challenge to the constitutionality of section 263.405®, and based on our holding in D.W., I would reach the merits of his *614 issues. Thus, I concur with the majority opinion’s disposition of Father’s appeal.
GABRIEL, J., joins.

. The undersigned author was not a member of the original three-judge panel in D.W.

. All references are to the former section 263.405(i). See Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332 (adding subsection (i), requiring statement of points, to section 263.405 of the family code), repealed by Act effective Sept. 1, 2011, 82nd Leg., R.S., ch. 75, §§ 5, 8, 2011 Tex. Gen. Laws 348, 349 (deleting subsection (i) but noting that former section 263.405 remains in effect for final orders rendered before September 1, 2011).

. See Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332 (adding subsection (i), requiring statement of points, to section 263.405 of the family code), repealed by Act effective Sept. 1, 2011, 82nd Leg., R.S., ch. 75, §§ 5, 8, 2011 Tex. Gen. Laws 348, 349 (deleting subsection (i) but noting that former section 263.405 remains in effect for final orders rendered before September 1, 2011).