

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-0495-CV
_____

IN RE F.T., Jr., AND J.M., CHILDREN

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2011-556,811, Honorable Kevin Hart, Presiding

March 20, 2013

MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellant, F.T., Sr.,[1] challenges the trial court's order terminating his parental rights to his children, F.T, Jr. and J.M.[2]  In presenting this appeal, appointed counsel has filed an *Anders*[3] brief in support of her motion to withdraw.  We grant counsel's motion and affirm.

---

[1] To protect the parent's and children's privacy, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (WEST SUPP. 2012).  *See also* TEX. R. APP. P. 9.8(b).

[2] The mother of the children, I.M., voluntarily relinquished her parental rights and is not a party to this appeal.  Furthermore, a third child, A.M., is not a child affected by this appeal.

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-67 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis for reversal of the termination order. Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the record supports that conclusion. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying him of his right to file a pro se response if he desired to do so. *Id.* By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. Appellant did not file a response. The Department of Family and Protective Services notified this Court that it would not file a response unless one was requested.

## FACTUAL BACKGROUND

On July 29, 2010, the Department became involved with Appellant's children after they witnessed domestic violence committed against their mother by her paramour. At the time of this incident, Appellant was incarcerated.[4] The children were

---

[4] Appellant was convicted in 2007 for tampering with evidence and was sentenced to ten years community supervision. In 2008, his community supervision was revoked for failing to report and he was sentenced to six years confinement.

placed with their maternal grandmother on August 2, 2010, and a Family Based Safety Services case was opened in an effort to reunite the family. Appellant was released on parole in October 2010 and began working his services. In April 2011, the Department commenced termination proceedings.

The testimony from the Department caseworker and Appellant himself demonstrates that he was very cooperative and substantially completed his services. He was also complying with the requirements of his parole. However, in June 2011, he tested positive for marihuana[5] and then in March 2012, June 2012 and August 2012, hair strand tests were positive for cocaine, albeit each test showed a reduction in the level of cocaine. Appellant testified that he used cocaine in March 2012 on his birthday because he was depressed about not being able to see his children and denied any further cocaine use. An expert witness at the final hearing explained how cocaine levels can decrease after one time usage. Testing showed the cocaine was leaving Appellant's hair and there was no showing of incoming cocaine. Although the expert could not determine if Appellant used cocaine only once, any further usage would have shown an increase in the levels instead of a decrease. She further testified that it was customary to wait three months between tests. Appellant was tested more frequently because of the pendency of the final hearing.

In addition, the caseworker testified that Appellant was not able to provide a stable home. After his release from prison, he lived with his girlfriend and then his father. He did not rent his own apartment until shortly before the final hearing.

---

[5]At the time of the final hearing, Appellant testified that a marihuana possession charge remained pending.

Appellant was treated by two counselors as part of his services. They testified he was respectful, learned to apply anger management techniques in his life and was consistently employed since age sixteen. Most of Appellant's jobs were seasonal work so there was no continuity in employment. He was, however, employed full time at a restaurant at the time of the final hearing.

Following presentation of testimony and evidence, the trial court announced, "to his credit, [Appellant] has substantially complied with most of the services required of him." That acknowledgment notwithstanding, the trial court ruled that he failed to comply with some of the requirements necessary to obtain the return of his children and found that the Department established the allegations in the petition to terminate. An order was entered finding that termination of Appellant's parental rights was in the best interest of the children and that he had:

> knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being;
>
> engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being;
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children.

*See* TEX. FAM. CODE ANN. § 161.001(1) (D), (E) and (O) and (2) (WEST SUPP. 2012).

4

## STANDARD OF REVIEW IN TERMINATION CASES

The natural right existing between a parent and a child is of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.*, 596 S.W.2d 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002).

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (WEST 2008). *See also In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001 (WEST SUPP. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).

By the *Anders* brief, counsel acknowledges that only one statutory ground is necessary to support an order of termination when there is also a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex.

2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex.App.—Amarillo 2005, no pet.). Therefore, we will affirm the termination order if there are both legally and factually sufficient evidence on any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *See In re S.F.*, 32 S.W.3d 318, 320 (Tex.App.—San Antonio 2000, no pet.).

A parent's decision to engage in illegal drug use during pendency of a termination suit, when the parent is at risk of losing his children, supports a finding that the parent engaged in conduct that endangered the child's physical or emotional well-being. *See In re M.E.-M.N.*, 342 S.W.3d 254, 263 (Tex.App.—Fort Worth 2011, pet. denied). Additionally, illegal drug use may support termination because it exposes children to the possibility that the parent may become impaired or imprisoned. *Walker v. Tex. Dep't of Family & Protective Services*, 312 S.W.3d 608, 617-18 (Tex.App.—Houston [1st Dist.] 2009, pet. denied). Throughout the final hearing, witnesses for the Department emphasized Appellant's decision to use marihuana and cocaine as the basis for their recommendation to terminate Appellant's parental rights. The trial court also expressed concern on Appellant's drug use as potentially resulting in violation of his parole.

## § 161.001(2) BEST INTEREST

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* § 161.001(2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the children's best interest. *See In re C.H.*, 89

6

S.W.3d at 28. A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b) of the Family Code. *See also Holley*, 544 S.W.2d at 371-72.

The Department caseworker testified that the children's maternal grandmother became licensed to provide foster care and engaged in necessary classes in anticipation of adopting the children to raise them together. She also testified that the grandmother could provide permanency for them.

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, counsel's motion to withdraw is granted and the trial court's order terminating Appellant's parental rights to F.T., Jr., and J.M. is affirmed.

Patrick A. Pirtle
Justice