

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00143-CV

**In the Interest of M.J.A.G., A.T.L.G. and D.R.G.**, Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-PA-00911
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:  Jason Pulliam, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Jason Pulliam, Justice

Delivered and Filed:  August 12, 2015

AFFIRMED

Appellant J.S. (Mother) appeals from a judgment terminating her parental rights to her children M.J.A.G., A.T.L.G. and D.R.G.[1] On appeal, Mother challenges the trial court's judgment on the basis she received ineffective assistance of trial counsel. We affirm the trial court's judgment.

### BACKGROUND

On January 8, 2014, the Texas Department of Family and Protective Services (the Department) received a referral based upon neglectful supervision of A.T.L.G. and D.R.G. This referral resulted from several incidents in which police responded to domestic disputes involving

---

[1] To protect the identity of the minor children, we refer to the children and the children's parents by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

Mother and her boyfriend. In one such instance Mother stabbed her boyfriend with a knife. The referral alleged Mother drank alcohol daily, used cocaine and smoked marijuana in front of the children. In addition, the referral alleged the children were unbathed and ungroomed and were seen with dirty diapers and wearing inappropriate clothing in winter. Based on the referral, the Department began an investigation.

The Department's investigation revealed that in 2002, Mother relinquished custody of her three-month old twin daughters to her mother, Rosa J., who was appointed as their permanent managing conservator. Shortly after Mother relinquished custody of her daughters, she gave birth to M.J.A.G. Mother placed M.J.A.G. in Rosa J.'s care pursuant to a "notarized custody agreement" shortly after his birth. Since that time M.J.A.G. has lived with Rosa J. and has never been in Mother's primary care.

On April 16, 2014, a Department caseworker conducted an interview with Mother. Mother admitted to having no permanent residence. Mother resided with a friend at the time of the interview, but ordinarily "drifted from place to place." Mother admitted to drinking alcohol daily and using cocaine. Mother explained to the caseworker that A.T.L.G. had been diagnosed with Noonan's Disease which required Mother to administer medication and feed him through a gastronomy tube. Mother admitted she had difficulty caring for A.T.L.G., and he spent the majority of his time in the care of a nurse. Although A.T.L.G. was only scheduled to be with the nurse from 8 a.m. to 5 p.m. six days a week, because of Mother's difficulty caring for A.T.L.G., he often spent nights and weekends with the nurse.

Following this interview, the Department removed A.T.L.G. and D.R.G. from Mother's custody, and on April 17, 2014, filed a petition to terminate Mother's parental rights to M.J.A.G., A.T.L.G. and D.R.G. On the same day the petition was filed, the trial court appointed an attorney ad litem to represent Mother.

The trial court held an adversarial hearing on April 30, 2014. Following the hearing, the trial court appointed the Department as the temporary managing conservator and Mother as temporary possessory conservator of M.J.A.G., A.T.L.G. and D.R.G. The trial court left M.J.A.G. with Rosa J., placed A.T.L.G. in the custody of a foster family, and placed D.R.G. with her paternal grandmother. A Family Service Plan was created for Mother which required her to complete a substance abuse assessment, attend outpatient treatment and submit to random drug testing, among other things. The Department submitted status reports to the trial court, and the trial court held hearings on those reports.

Ultimately, the trial court held a termination hearing on February 17, 2015. After the hearing the trial court ordered Mother's parental rights be terminated based upon the following statutory grounds: (1) Mother knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotion well-being of the children, pursuant to Texas Family Code 161.001(1)(D); (2) Mother engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical and emotional well-being of the children, pursuant to Texas Family Code 161.001(1)(E); (3) Mother constructively abandoned the children who were in possession of the Department for not less than six months, and the Department made reasonable efforts to return the children, Mother did not regularly visit or maintain significant contact with the children, and Mother demonstrated an inability to provide the children with a safe environment, pursuant to Texas Family Code 161.001(1)(N); (4) Mother failed to comply with the provisions of a court order that specifically established the actions necessary for Mother to obtain the return of the children, pursuant to Texas Family Code 161.001(1)(O); and (5) Mother used a controlled substance in a manner that endangered the health or safety of the children, and: (a) failed to complete a court-ordered substance abuse treatment program, or (b) after completion of a court-ordered substance abuse

treatment program, continued to abuse a controlled substance, pursuant to Texas Family Code 161.001(1)(P). *See* TEX. FAM. CODE ANN. § 161.001(1) (West 2014). The trial court also found termination of Mother's parental rights would be in the best interest of the children, pursuant to Texas Family Code Section 161.001(2). *See* TEX. FAM. CODE ANN. § 161.001(2). Subsequently, Mother perfected this appeal.

**ANALYSIS**

In a single issue, Mother argues she received ineffective assistance from her trial counsel. Mother alleges trial counsel's performance was deficient because trial counsel failed to object to the admission of improper opinion evidence, hearsay evidence, self-incriminating evidence and to an improper closing argument. Mother contends trial counsel's purported deficiencies allowed the introduction of improper evidence and damaged her credibility, which "unduly influenced the termination of her parental rights."

*Standard of Review*

The statutory right to counsel in parental-rights termination cases includes a guarantee that counsel will perform effectively. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003); *see* TEX. FAM. CODE ANN. § 107.013(a)(1) (West 2014). In analyzing the effectiveness of counsel in a parental-rights termination case, Texas courts follow the standard established in *Strickland v. Washington*. *In re M.S.*, 115 S.W.3d at 544-45 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under the *Strickland* standard, the appellant has the burden to show (1) counsel's performance was deficient; and (2) the deficiency prejudiced the appellant's defense. *Strickland*, 466 U.S. at 687; *In re M.S.*, 115 S.W.3d at 545. An appellant's failure to satisfy either prong of the *Strickland* test will defeat an ineffective-assistance claim. *Strickland*, 466 U.S. at 700; *In re K.A.S.*, 399 S.W.3d 259, 264 (Tex. App.—San Antonio 2012, no pet.).

Under the first prong, trial counsel's performance must be shown to have fallen below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Only when "the conduct was so outrageous that no competent attorney would have engaged in it" will the challenged conduct constitute deficient performance. *In re M.S.*, 115 S.W.3d at 545 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Judicial scrutiny of trial counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. For that reason, reviewing courts indulge a strong presumption that trial counsel's conduct falls within the wide range of reasonable, professional assistance and was motivated by sound trial strategy. *Id.*; *In re M.S.*, 115 S.W.3d at 545. The appellant bears the burden to overcome the presumption that, under the circumstances, the challenged conduct might be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

Under the second prong of *Strickland*, an appellant must show there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *In re M.S.*, 115 S.W.3d at 550. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

In addition, the "record" requirement established in *Strickland* also applies to parental-rights termination cases. *See In re K.K.*, 180 S.W.3d 681, 685 (Tex. App.—Waco 2005, no pet.). Under this standard, allegations of ineffective assistance of counsel in a parental-rights termination proceeding must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 622-23 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). When the record is silent as to the reasons for counsel's conduct, an appellate court may not speculate to find the representation ineffective. *P.W. v. Dep't of Family & Protective Servs.*, 403 S.W.3d 471, 476 (Tex. App.—Houston [1st Dist.] 2013, pet. dism'd w.o.j.); *Walker*, 312 S.W.3d at 623.

*Application*

With regard to the first *Strickland* prong, the record before this court is silent as to trial counsel's strategy regarding the challenged conduct. Mother did not file a motion for new trial from which she could have elicited testimony from trial counsel, nor did she provide an affidavit in which trial counsel could explain the challenged conduct. Because the record is silent as to the reasons for trial counsel's conduct, this court may not speculate to the reasons behind counsel's actions or omissions to find counsel counsel's performance deficient. *See P.W.*, 403 S.W.3d at 476; *Walker*, 312 S.W.3d at 623. We have thoroughly reviewed the record and conclude Mother failed to overcome the presumption that trial counsel's representation fell within the wide range of reasonable, professional assistance and might be considered sound trial strategy. *See In re M.S.*, 115 S.W.3d at 545. Further, nothing in the record indicates trial counsel's failure to object in the cited instances was so outrageous that no competent attorney would have engaged in it. *See Walker*, 312 S.W.3d at 622-23. For these reasons, Mother failed to satisfy the first prong of *Strickland*.

Texas courts have recognized the inequities created by the "record" requirement in parental-rights termination cases. *See In re K.K.*, 180 S.W.3d at 685 n.3; *In re M.R.E.*, No. 14-01-00525-CV, 2002 WL 246404, at *1 n. 5 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (not designated for publication). Unlike criminal cases, parental-rights termination cases have no habeas remedy in which to develop the necessary record. *See In re K.K.*, 180 S.W.3d at 686. In many cases, based upon the procedural posture, parents may not have a meaningful opportunity to develop a post-trial record to support an ineffective assistance of counsel claim. *See e.g.*, *In re M.E.-M.N.*, 342 S.W.3d 254, 258 (Tex. App.—Fort Worth 2011, pet. denied); *In re K.K.*, 180 S.W.3d at 686. Thus, some courts have held the appropriate remedy to this inequity is to abate the appeal and remand to the trial court for a hearing at which a parent may be provided such an

opportunity. *See In re M.E.-M.N.*, 342 S.W.3d at 258; *In re K.K.*, 180 S.W.3d at 688. However, "whether abatement is appropriate will depend on the facts of each termination case and the specific allegation of ineffective assistance." *In re K.K.*, 180 S.W.3d at 688; *see In re M.A.*, No. 04-05-00112-CV, 2005 WL 3115796, at *3 (Tex. App.—San Antonio 2005, pet. denied) (mem. op.).

As in *In re M.A.*, we hold abatement unnecessary in this case because Mother would be unable to show any of the challenged deficiencies prejudiced her defense. Even assuming trial counsel's performance was deficient based on the cited failures to object, Mother cannot show a reasonable probability that but for trial counsel's deficiencies the outcome of the proceeding would have been different. The evidence demonstrated Mother's history of drug use before and during the termination proceedings, and this drug use is undisputed. The evidence demonstrated Mother's drug use impaired her ability to provide care for her children. Mother testified she would have Rosa J. babysit the children when she used drugs. Mother also admitted she exposed A.T.L.G. and D.R.G. to domestic violence. This evidence is sufficient to support the statutory grounds of the trial court's termination of Mother's parental rights. *See In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.) (holding evidence of children's exposure to abusive or violent conduct by a parent or other resident of the child's home, as well as illegal drug use and criminal activity support a conclusion the child's surroundings endanger his physical or emotional well-being); *In re M.R.*, 243 S.W.3d 807, 818-19 (Tex. App.—Fort Worth 2007, no pet.) (same); *see also* TEX. FAM. CODE ANN. § 161.001(1)(D).

Further, the evidence presented at trial supports the trial court's finding that termination of Mother's parental rights is in the children's best interest. Factors relevant to whether termination is in the best interest of the children include: the emotional and physical danger to the children now and in the future; the parental abilities of the individuals seeking custody, the programs

available to assist these individuals to promote the best interest of the child; the plans for the child by these individuals or by the agency seeking custody; the stability of the home or proposed placement; and the acts or omission of the parent which may indicate that the existing parent-child relationship is not a proper one. *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). The Texas Family Code provides further factors to be considered in determining the best interest of a child. TEX. FAM. CODE ANN. § 263.307 (West 2014).

To begin, the evidence presented which supports the statutory grounds for removal is probative in determining the best interest of the children. *See In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). The evidence of Mother's drug use supports a finding that termination of parental rights is in the best interest of the children. *See In re M.R.*, 243 S.W.3d at 820; *see also* TEX. FAM. CODE ANN. § 263.307(b)(8) (holding history of drug abuse by child's family is a factor in determining the best interest of a child). The factfinder can give "great weight" to the "significant factor" of drug-related conduct. *In re K.C.*, 219 S.W.3d 924, 927 (Tex. App.—Dallas 2007, no pet.). Mother continued using cocaine despite the Family Service Plan which conditions the return of the children on her remaining sober and participating in treatment. Moreover, Mother failed to participate in court-ordered drug treatment and did not comply with requirements within the Family Service Plan. *See In re M.R.*, 243 S.W.3d at 821 (holding evidence of parent's drug use and failure to comply with Family Service Plan supports a finding that termination is in the best interest of the child). Additionally, the evidence establishing A.T.L.G. and D.R.G. were exposed to domestic violence also supports the finding that termination of Mother's parental rights is in the children's best interest. *See In re J.I.T.P.*, 99 S.W.3d 841, 846 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding evidence of abusive or violent conduct can produce a home environment that endangers a child's well-being); *see also* TEX. FAM. CODE ANN. § 263.307(b)(7) (history of abusive or assaultive conduct by child's family or persons with access to child's home is a factor

in determining the best interest of the children).  This evidence is sufficient to support the trial court's finding that termination of Mother's parental rights is in the children's best interest.  *See In re M.R.*, 243 S.W.3d at 820; *In re S.B.*, 207 S.W.3d 877, 886-87 (Tex. App.—Fort Worth 2006, no pet.).

Mother does not dispute this evidence or contend that it was admitted due to her trial counsel's deficient performance.  Because the record contains sufficient unchallenged evidence to support the trial court's termination of her parental rights, Mother cannot establish any deficient performance of counsel prejudiced her defense.  *See In re M.A.*, 2005 WL 3115796, at *3. Accordingly, Mother has not satisfied her burden to demonstrate ineffective assistance of counsel. Therefore, Mother's point of issue is overruled.

Jason Pulliam, Justice