

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---------------------------------------------

No. 02-18-00219-CV

---------------------------------------------

IN THE INTEREST OF C.J., A CHILD

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-526408-12

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant J.A. (Mother) appeals the trial court's final order terminating her parental rights to C.J. *See* Tex. Fam. Code Ann. § 161.001(b) (West Supp. 2017). The trial court found by clear and convincing evidence that Mother's conduct satisfied the termination grounds listed in family code section 161.001(b)(1)(D) and (E) and alleged in the petition for termination. *See id.* § 161.001(b)(1)(D), (E). The trial court further found by clear and convincing evidence that termination of her parental rights was in C.J.'s best interest. *See id.* § 161.001(b)(2). Accordingly, the trial court ordered the termination of Mother's parental rights to C.J. and named appellee the Texas Department of Family and Protective Services (DFPS) as C.J.'s permanent managing conservator.[1]

On July 30, 2018, Mother's appointed appellate counsel filed a brief stating that she has conducted a professional evaluation of the record and has concluded that there are no arguable grounds to be advanced to support an appeal of the trial court's termination order and that the appeal is frivolous. Counsel's brief presents the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders*

---

[1]The trial court also terminated the parental rights of C.J.'s adjudicated father. No party appeals that portion of the termination order.

procedures apply in parental-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.). Further, counsel informed Mother of her right to request the record and to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). In addition, this court informed Mother of these rights and gave her the opportunity to notify this court of her intent to respond. Although Mother responded on September 12, 2018, she failed to show any arguable grounds supporting her appeal. DFPS notified this court that it agreed there are no grounds assailing the trial court's judgment.

In reviewing a brief that asserts an appeal is frivolous and that fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). After reviewing the entire record, we conclude that the trial court's findings that Mother's conduct satisfied a conduct ground listed in section 161.001(b)(1) and alleged in the petition and that the termination of Mother's parental rights was in C.J.'s best interest were supported by clear and convincing evidence. *See* Tex. Fam. Code Ann. § 161.001(b); *see, e.g., In re I.L.G.*, 531 S.W.3d 346, 352–56 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *In re M.E.-M.N.*, 342 S.W.3d 254, 261–64 (Tex. App.—Fort Worth 2011, pet. denied). The record reveals no arguable grounds for reversal; thus, we agree with

3

counsel that Mother's appeal is without merit.  *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied).   We affirm the trial court's order of termination.  *See* Tex. R. App. P. 43.2(a).  We remind counsel of her continuing duty to represent Mother until she has exhausted her proceedings, including possibly filing a petition for review in the supreme court.  *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *In re D.T.*, No. 02-17-00061-CV, 2017 WL 2806323, at *1–3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op.).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  September 20, 2018